## HENRY A. MERRITT, RESPONDENT, *v.* WILLIAM VIGELIUS, APPELLANT, IMPLEADED, ETC.

*Reference — when an action by an attorney for services rendered does not involve the examination of a long account — the propriety of referring such actions considered.*

In an action by an attorney to recover for professional services rendered to a client, his claim, as stated in a bill of particulars, consisted of ten items, six of which were for consultations, one for counsel fee and consultation, one for drawing the complaint, one for demanding property of a sheriff and one for attending upon the justification of bail.

*Held,* that the action did not involve the examination of a long account, and that it could not be referred without the consent of the defendant. (WESTBROOK, J., dissenting.)

*Perry* v. *Rollins* (56 How., 242), and *Carr* v. *Berdell* (22 Hun, 130), overruled. *Tracy* v. *Stearns* (12 W. D., 533); Ib., 61 How., 265); *Felt* v. *Tiffany* (11 Hun, 62), and *Waring* v. *Chamberlain* (14 W. D., 564), followed.

The question of referring actions brought by attorneys to recover the value of professional services rendered to their clients, considered.

APPEAL from an order made at a Special Term, referring this action to a referee to hear and determine.

The action was brought by the plaintiff, an attorney, to recover the value of services rendered by him to the defendants, in respect to an action brought against a sheriff. In pursuance of a demand made by the defendants the plaintiff rendered the following bill of particulars:

1882.

| | | |
|---|---:|---:|
| To consultation twice with creditors, personally, previous to January 19, 1882 | $50 | 00 |
| To consultation with creditors and R. A. Parmenter, at plaintiff's office, previous to January 19, 1882 | 20 | 00 |
| To consultation with creditors at R. A. Parmenter's office, once or twice, about January 19, 1882 | 25 | 00 |
| To consultation with creditors and R. A. Parmenter, at his office, January twentieth, in reference to proceedings and advising in reference to assignment of claim | 40 | 00 |
| To consultation with R. A. Parmenter, and also with creditors, January twenty-first | 20 | 00 |

To consultation at office of R. A. Parmenter and preparing affidavit for replevin, January twenty-second...... $25 00

To demanding property of sheriff and attending on replevining property action, defendants against sheriff of Rensselaer county, January twenty-third.......... 25 00

To attending on justification of bail in action of defendants against Ingram, sheriff of Rensselaer county, January twentieth................................ 40 00

To drawing complaint in action, defendants against Ingram, sheriff of Rensselaer county, March......... 25 00

To counsel fees in the above matter, and consultation with R. A. Parmenter and with attorney for Ingram, sheriff, not above mentioned, February and March.....:...... 50 00

Dated Troy, *May* 2, 1882.

*King & Rhodes*, for the appellant.

*J. H. Ryan*, for the respondent.

Bockes, J. :

The reference in this case may perhaps be justified by the decision in *Perry* v. *Rollins* (56 How., 242) and in *Carr* v. *Berdell* (22 Hun, 130). In *Perry* v. *Rollins*, as in the case in hand, the charges constituting the items of alleged account were for services rendered on many different days. It does not, however, appear in that case what the particular services were ; whether they were or were not rendered under one retainer and in a single action, or pursuant to many separate employments. The same may also be said of *Carr* v. *Berdell* with the additional fact that the claim embraced items for disbursements as well as for professional services. In neither of these cases are we informed as to the particular items constituting the alleged account. So, for anything appearing to the contrary, the trial of those cases may have required an examination of a long account within the legal acceptation of that phrase.

In this case there are ten items charged, eleven in fact, as the first item embraces two consultations. But the several claims according to the complaint, were for services rendered in two matters only ; and, indeed, by fair implication, in but one in which the defendant's troubles centered. The case seems therefore much like that

of *Tracy* v. *Stearns* (12 W. D., 533; Ib., 61 How., 265) and also that of *Felt* v. *Tiffany* (11 Hun, 62) where references were held improper. In *Waring* v. *Chamberlain* (14 W. D., 564) the services were rendered in two actions. There also a reference was held improper on two grounds: (1) That the case did not require an examination of a *long account* as that phrase is legally understood, and (2), that the *claims were not such* as by the practice of the court are ordinarily directed to be tried by a referee; in other words the decision was put on the ground that the case was one where the party had the right to demand and have a trial by jury. In this case six out of the ten items, are for "consultations;" one is for counsel fees and consultation; one for drawing complaint; one for demanding property from the sheriff; and one other for attendance on justification of bail. Within the above decisions these charges were not *items of account*, in the legal acceptation of that phrase.

The current of decisions is in accordance with the decision in *Tracy* v. *Stearns*, *Felt* v. *Tiffany*, and *Waring* v. *Chamberlain*, above cited. *Tracy* v. *Stearns* and *Waring* v. *Chamberlain* are very recent cases, the former having been decided, May, 1881, and the latter May, 1882; and they must be deemed to overrule *Perry* v. *Rollins*, decided October, 1878, and *Carr* v. *Berdell*, decided in 1880, in so far as the latter cases are to be considered in conflict with them. (See, also, *Martin* v. *The Windsor Hotel Co.*, 10 Hun, 304; *Flanders* v. *Odell*, 16 Abb. [N. S.], 247; *Dickinson* v. *Mitchell*, 19 Abb., 286; also *Bathgate* v. *Haskin*, 59 N. Y., 533.) According to the strong line of decisions, and especially according to the more recent ones, the reference in this case was improperly granted. And for myself I wish to express my approval of the remarks of Judge DAVIS in *Martin* v. *W. H. Co.*, above cited, on the subject of referring actions brought by attorneys to recover for professional services.

Order appealed from reversed, with ten dollars costs and disbursements for printing, and motion for reference at Special Term denied, with ten dollars costs.

LEARNED, P. J.:

I am not willing to accept the doctrine of some cases that a lawyer's bill ought not to be referred. The statute makes no exception as to lawyers, if they have (as unfortunately they sometimes have)

long accounts against their clients. If it be unfair to appoint a lawyer as referee in such cases, then a referee of another business may be selected. But under *Bathgate* v. *Haskin* (*ut supra*) I think there was no long account in this case. Though I am not prepared to say that a single action might not be so protracted and complicated that it would present the case of a long account against the client. I concur in the result above stated.

WESTBROOK, J. (dissenting):

I concur fully in the views of brother LEARNED, that an account for lawyers' services is referrible, and I can not subscribe to the doctrine, that such an account should be submitted to a jury, without any regard to the fact that it is a long one consisting of many items. Neither, in my opinion, is there any propriety in referring a cause involving issues of that character to a person not a lawyer. So to do is to create a tribunal unfit, for want of knowledge, to decide it, instead of one perfectly competent to deal with the questions it would present.

Without giving any details for my conclusion, I think the order of reference should be sustained; on within adjudged cases there is in this action a long account to be examined.

Present — LEARNED, P. J., BOCKES and WESTBROOK, JJ.

Order reversed, with ten dollars costs and printing disbursements, and motion denied, with ten dollars costs.